UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. QUIROZ,<br><br>              Plaintiff,<br><br>       v.<br><br>CITY OF CERES,<br><br>              Defendant. | No. 1:17-cv-00444-DAD-MJS<br><br><u>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND FACILITATED CLASS NOTICE</u><br><br>(Doc. No. 13) |

      This matter is before the court on plaintiff's motion for conditional certification and facilitated notice under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). A hearing on the motion was held on June 6, 2017. Attorney Ace T. Tate appeared on behalf of plaintiff, and attorney Jesse J. Maddox appeared on behalf of defendant. Having considered the parties' briefs and oral arguments and for the reasons set forth below, the court will grant in part plaintiff's motion for conditional certification and adopt the parties' stipulation.

## BACKGROUND

      Plaintiff Carlos A. Quiroz is employed as a police officer for defendant City of Ceres ("City"). According to the complaint and to plaintiff's declaration submitted in support of the pending motion, as part of a collective bargaining agreement the City offered and plaintiff accepted an option to receive monetary compensation in lieu of certain City-sponsored health

benefits. (Doc. No. 1 ("Compl.") at ¶ 25; Doc. No. 13-2 ("Quiroz Decl.") at ¶¶ 4, 6.) Plaintiff alleges that, for the three years prior to the commencement of this action, the City failed to include these in-lieu payments in its calculation of plaintiff's regular rate of pay, resulting in an underpayment of overtime compensation. (Compl. at ¶ 26; Quiroz Decl. at ¶ 8.) Plaintiff further alleges that defendant's failure to fully compensate him and others similarly situated constitutes a violation of the FLSA. *See Flores v. City of San Gabriel*, 824 F.3d 890, 895 (9th Cir. 2016) (holding that cash payments in lieu of health benefits "must be included in the regular rate of pay and thus in the calculation of the overtime rate" under the FLSA).

On March 29, 2017, plaintiff filed a motion for conditional certification and facilitated notice under the FLSA. (Doc. No. 13.) On April 17, 2017, defendant filed its opposition. (Doc. No. 18.) On April 24, 2017, plaintiff filed his reply. (Doc. No. 22.)

## CONDITIONAL CERTIFICATION

Pursuant to the FLSA, an employee may file a civil action, on behalf of himself and other employees similarly situated, against an employer that fails to adhere to federal minimum wage and overtime law. 29 U.S.C. § 216(b); *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. ___, 133 S. Ct. 1523, 1527 (2013). Unlike a class action brought under Rule 23 of the Federal Rules of Civil Procedure, similarly situated employees can join an FLSA collective action only if they opt-in by giving written consent to be joined. 29 U.S.C. § 216(b).

The FLSA does not define the term "similarly situated," and this court has identified no binding Ninth Circuit or Supreme Court authority interpreting that term. However, district courts in this circuit have used a two-step approach to decide whether potential FLSA plaintiffs are similarly situated. *See, e.g.*, *Kellgren v. Petco Animal Supplies, Inc.*, No. 13CV644 L KSC, 2015 WL 5167144, at *2 (S.D. Cal. Sept. 3, 2015); *Syed v. M-I, L.L.C.*, No. 1:12-cv-01718-AWI-MJS, 2014 WL 6685966, at *2 (E.D. Cal. Nov. 26, 2014); *Troy v. Kehe Food Distributors, Inc.*, 276 F.R.D. 642, 649 (W.D. Wash. 2011); *Lewis v. Wells Fargo Co.*, 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009); *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 467–68 (N.D. Cal. 2004); *Wynn v. National Broad. Co.*, 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002). In the first step, district courts may conditionally certify the proposed class based on consideration of the parties'

pleadings and affidavits. *Leuthold*, 224 F.R.D. at 467. This determination is made under a "lenient standard"—requiring a preliminary determination that notice is appropriate and that "the putative class members were together the victims of a single decision, policy, or plan." *Lewis*, 669 F. Supp. 2d at 1127 (citing *Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)). "The sole consequence of conditional certification is the sending of court-approved written notice to employees." *Genesis Healthcare*, 133 S. Ct. at 1530 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171–72 (1989)). District courts have the authority to facilitate notice to potential plaintiffs and may set a deadline for plaintiffs to opt in. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000) (citing *Hoffmann-La Roche*, 493 U.S. at 169). In the second step, after class members have opted in and discovery has taken place, the party opposing class certification may seek to decertify the class. *Leuthold*, 224 F.R.D. at 467.

Here, plaintiff Quiroz has met his burden of showing at the first step that conditional certification is warranted. At this stage in the litigation, the parties do not dispute defining those "similarly situated" as "all current or former employees of the City of Ceres who have worked statutory overtime and received cash payments in lieu of health care benefits or savings payments if they chose coverage through the City that does not utilize the full dollar allowance." (Doc. No. 13-4 at 1–2; *see also* Doc. Nos. 18 at 1–2; 18-2 ¶ 2; 22 at 8.)[1] Plaintiff contends that his decision to receive monetary compensation in lieu of health benefits is part of a broader uniform City policy affecting other employees. (*See* Quiroz Decl. ¶¶ 9–10.) In addition, based on plaintiff's personal knowledge and belief, the City similarly excludes such in-lieu compensation from its calculation of regular rates of pay for purposes of overtime compensation. (*Id.* ¶ 10.) Based on these representations, the court is satisfied and accordingly grants conditional certification of the proposed class.

/////

---

[1] The parties agreed to this proposed definition at the hearing on the pending motion based on defendant City's concerns that the class be limited to those employees who were paid overtime pursuant to the FLSA. Plaintiff expressed no objection to the substance of defendant's concern.

3

**FACILITATED NOTICE**

In furtherance of conditional certification, plaintiff proposes issuance of a facilitated notice to all potential plaintiffs in this action.  (*See* Doc. No. 13-4.)  However, defendant City requests that this court delay any issuance of a facilitated notice or limit the recipients of such notice.  Specifically, defendant points out that similar issues regarding overtime compensation have been raised in two related cases brought against the City in this court: *Jonathan McManus et al. v. City of Ceres*, No. 1:17-cv-00355-DAD-MJS, and *Julio Amador et al. v. City of Ceres*, No. 1:17-cv-00552-DAD-MJS.  Because the *McManus* action may also involve conditional certification under the FLSA, defendant argues that issuing a notice in this action now may waste the parties' resources and require potential plaintiffs to choose between actions.  (*See* Doc. No. 18 at 2–3.)  Alternatively, defendant proposes that notices not be issued to any named parties in the related cases.  (*See* Doc. No. 18 at 3.)

Good cause exists to issue a notice of collective action to *all* potential plaintiffs, as defined in this order.  The court finds no legal basis on which to exclude certain parties based on their involvement in other actions.  Because potential plaintiffs may only participate in an FLSA collective action on an opt-in basis, it is ultimately up to those individuals to decide whether and how they wish to proceed in litigation.  To the extent any parties might later dispute whether an individual may recover in multiple lawsuits, the court may resolve such a dispute at the appropriate time.  Therefore, the parties will be directed to meet and confer regarding the form of the facilitated notice and the manner in which such notice will issue, and are encouraged to submit a joint proposal for court approval.

**CONCLUSION**

Accordingly, for the reasons set forth above:

1. Plaintiff's motion for conditional certification of a collective action and for approval of facilitated notice (Doc. No. 13) is granted in part, consistent with this order;
2. The court conditionally certifies this FLSA collective action for a class comprising all current or former employees of the City of Ceres who have worked statutory overtime and received cash payments in lieu of health care benefits or savings payments,

between February 17, 2014 and the date of entry of this order, if they chose coverage through the City that does not utilize the full dollar allowance; and

3. The parties are directed to meet and confer and, if possible, to jointly file a proposed notice within fourteen days of this order.  Alternatively, in the absence of an agreement, the parties are directed to file separate proposed notices by that same deadline.

IT IS SO ORDERED.

Dated:   **June 22, 2017**                                   /s/ Dale A. Drozd
                                                           UNITED STATES DISTRICT JUDGE