1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CARLOS A. QUIROZ, et al., on behalf of
     himself and all similarly situated              No.:  1:17-cv-00444-DAD-MJS
12   individuals,

13

14                 Plaintiffs,
                                                     ORDER GRANTING IN PART PLAINTIFF'S
15          v.                                       SECOND MOTION FOR CONDITIONAL
                                                     CERTIFICATION AND FACILITATED
16                                                   CLASS NOTICE

17   CITY OF CERES,
                                                     (Doc. No. 36)
18                 Defendant.

19

20

21          This matter is before the court on plaintiff's second motion for conditional certification

22   and facilitated notice under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").  A

23   hearing on the motion was held on September 26, 2017.  Attorney Ace Tate appeared on behalf of

24   plaintiff Quiroz and other similarly situated individuals, and attorney Jesse Maddox appeared on

25   behalf of defendant City of Ceres (the "City").  Having considered the parties' briefs and oral

26   arguments and for the reasons set forth below, the court will grant plaintiff's second motion for

27   conditional certification and facilitated class notice in part.

28   /////

                                                1

**BACKGROUND**

Plaintiff Carlos Quiroz previously filed a motion for conditional certification and facilitated notice which this court granted in part on June 22, 2017.  (Doc. No. 29.)  That order conditionally certified this FLSA collective action for a class comprising of all current or former employees of the City who have worked statutory overtime and received cash payments in lieu of health care benefits or savings payments between February 17, 2014 and June 22, 2017, if they chose coverage through the City that did not utilize the full dollar allowance.  (*Id.* at 4–5.)  On July 7, 2017, this court issued an order, pursuant to the parties' stipulation, approving defendant's proposed class notice.  (Doc. No. 35.)

On August 21, 2017, plaintiff submitted a motion for a second order conditionally certifying this case as a collective action and authorizing additional facilitated notice to all similarly situated individuals.  (Doc. No. 36.)  Plaintiffs' motion for additional conditional certification proposes to expand the collective action to include "all current or former FLSA non-exempt employees of Defendant who worked statutory overtime and received healthcare contributions on their behalf towards the purchase of healthcare benefits within the same pay period at any time from August 21, 2014 through December 31, 2016."  (Doc. No. 36-1 at 4.)  On September 12, 2017, defendant filed its opposition to the motion.  (Doc. No. 39.)  Plaintiffs filed their reply on September 19, 2017.  (Doc. No. 41.)

Plaintiffs included several attachments in support of the pending motion, including a declaration from plaintiff James Riley, who was employed as a police investigator for the City.  (Doc. No. 36-2.)  Pursuant to provisions of his collective bargaining agreement, plaintiff Riley was eligible to receive contributions to purchase healthcare benefits of up to $1,518.00 per month made by the City on his behalf, referred to as "healthcare contributions."  (*Id.* at 2; 36-3 at 2.)  If plaintiff Riley declined to purchase healthcare benefits through the City or left a portion of his allotted monthly benefits unused, he was eligible to receive cash payments of up to 90% of his remaining allotted monthly benefits, referred to as "cash in lieu" compensation.  (*Id.*)  Plaintiff Riley represents that over the last three years, defendant calculated his regular rate of pay for determining overtime compensation without including contributions that the City made on his

2

1    behalf for healthcare benefits or cash payments for unused benefits.  (*Id.*)  Additionally, plaintiff

2    Riley stated in his declaration that other employees in the job classifications represented by Ceres

3    Police Officers Association were also subject to these practices by the City.  (*Id.*)  Plaintiff Riley

4    alleges that defendant's practices violate § 207 of the FLSA because they improperly calculate

5    the regular rate of pay for determining overtime compensation.  (Doc. No. 36-1 at 4.)

6                          **CONDITIONAL CERTIFICATION**

7             The relevant standards for determining whether an individual may file a FLSA civil action

8    on behalf of himself and other employees similarly situated were thoroughly discussed in this

9    court's order granting plaintiff's first motion for conditional certification in part and need not be

10   repeated at length here.  (Doc. No. 29 at 2–3.)

11            Defendant opposes plaintiffs' proposed expansion of the conditionally certified class.

12   (Doc. No. 39 at 3.)  Defendant asserts that plaintiffs' second motion is an "attempt to compile a

13   class that only two have joined since the notices were issued."  (*Id.*)  However, the court notes

14   that at the time of the second motion, the ninety day opt-in window was still open.  Further,

15   because discovery remains ongoing, and the opt-in period for putative plaintiffs is still open, the

16   court finds that it is not yet appropriate to apply the second step analysis as proposed by

17   defendant.  *See Pfohl v. Farmers Ins. Grp.*, No. CV03-3080 DT (RCX), 2004 WL 554834, at *1

18   (C.D. Cal. Mar. 1, 2004) (stating that the "second determination is made after discovery is largely

19   complete … [by] weigh[ing] various factors in making a factual determination as to whether the

20   plaintiffs are similarly situated").  Therefore, the court will determine whether potential FLSA

21   plaintiffs are similarly situated under the "lenient standard" of the first step of the applicable test.

22   *Lewis v. Wells Fargo Co.*, 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009).

23            Here, plaintiffs seek to expand the previous class of City employees who worked statutory

24   overtime and received cash payments in lieu of health care benefits or savings plans.  (Doc. No.

25   29 at 4–5.)  The proposed class expands its scope to include all current and former City

26   employees who worked statutory overtime and received "healthcare contributions on their behalf

27   towards the purchase of healthcare benefits within the same pay period at any time from August

28   21, 2014 through December 31, 2016."  (Doc. No. 36-1 at 2).  Healthcare contributions are

                                        3

1    payments made to healthcare providers on behalf of City employees, which are distinct from cash

2    payments made directly to City employees in lieu of health care benefits.  (*See* Doc. No. 36-3 at

3    2.)  Plaintiff Riley alleges, and defendants do not disagree, that his decision to receive

4    contributions from the City for the purchase of health benefits was part of a broader uniform City

5    policy affecting other employees.  (Doc. No. 36-2 at 3.)  With their second motion for conditional

6    certification, plaintiffs have submitted collective bargaining agreements between the City and

7    employee groups, which describe how covered employees have the option to receive healthcare

8    contributions made by the City on their behalf for purchasing healthcare benefits and/or cash in

9    lieu of compensation.  (Doc. Nos. 36-4, 5, 6, 7, 8.)  Moreover, these claims are sufficiently

10   alleged in plaintiff's complaint, which need not be amended based on the proposed expansion of

11   the conditionally certified class.  (*See* Doc. No. 1 at ¶ 32–33; ¶ 37–38.)  Based on plaintiffs'

12   allegations, the court is satisfied that the conditional class members were "together the victims of

13   a single decision, policy, or plan."  *Lewis*, 669 F. Supp. at 1127.  Accordingly, the court will

14   grant conditional certification of the expanded class.

## FACILITATED NOTICE

16       In furtherance of the expanded conditional certification, plaintiffs have proposed the

17   issuance of a facilitated notice to all potential plaintiffs in this action under the expanded

18   definition of the conditional class.  (Doc. No. 36-9.)  For the most part, the differences between

19   the parties' separate proposed notices are minor.  For the sake of efficiency, the court will simply

20   direct the parties to make the changes discussed below to plaintiff's proposed notice.

21       Defendant contends that if this court facilitates notice, it should only be sent to potential

22   plaintiffs who have not received prior notice of this lawsuit under the prior theory of excluded

23   cash in lieu.  (Doc. No. 39 at 4.)  However, the court finds that good cause exists to issue a notice

24   of collective action to all potential plaintiffs, as defined in this order.  There is no basis for

25   excluding certain parties who have previously been notified, given that the theory underlying the

26   cause of action identified by this notice is different than the one for which potential class

27   members previously received notice.

28   /////

4

1    The parties also disagree about whether the proposed notice should refer to pay periods,

2  work periods, or work weeks.  The parties stipulated to the first notice approved by this court

3  which referenced "work periods."  (Doc. No. 33-2, 3.)  However, plaintiffs now argue that some

4  putative class members may be subject to the traditional workweek requirement set forth in the

5  FLSA.  (Doc. No. 41 at 10.)  The court finds merit in this reasoning and, for that reason,

6  concludes that the second notice should be inclusive and reference "work period/work week."

7    Finally, in the prior notice to potential collective action class members, the parties

8  stipulated that "Defendant may administer the notification process and will send notices by City

9  email or first class mail to all putative class members within thirty (30) days after the Court issues

10  an order facilitation notice of this collective action."  (Doc. No. 33 at 2.)  The parties also

11  stipulated that putative plaintiffs have ninety days from the postmark date of the "Notice of

12  Action" to file their consent to join in the collective action.  (*Id.*)  This court sees no reason to

13  deviate from those specifications in this notice, and the parties will be directed to adopt these

14  same procedures with respect to the second notice.

15                                                      **CONCLUSION**

16       For the reasons set forth above:

17       1.  Plaintiff's motion for conditional certification of a collective action and for approval

18            of facilitated notice (Doc. No. 36) is granted consistent with this order;

19       2.  The court conditionally certifies this FLSA collective action for a class comprising all

20            current or former employees of the City of Ceres who have worked statutory overtime

21            and received healthcare contributions on their behalf towards the purchase of

22            healthcare benefits within the same work period/work week between August 21, 2014

23            through December 31, 2016; and

24  /////

25  /////

26  /////

27  /////

28  /////

3. The parties are directed to use plaintiff's proposed notice (Doc. No. 36-9 at 2–4) and make changes thereto in accordance with the specifications set forth in this order prior to administering the notification process.

IT IS SO ORDERED.

Dated:   **October 20, 2017**

_Dale A. Drozd_

UNITED STATES DISTRICT JUDGE

6